# UNITED STATES BANKRUTPCY COURT
# EASTERN DISTRICT OF KENTUCKY
# LEXINGTON

IN RE:

SHEILA BLAKELY                                                                    CASE NO. 13-50069

DEBTOR

## ORDER

This matter is before the Court on the Debtor's Motion to Compel [Doc. 10]. The Motion seeks an order compelling Creditors Asset Acceptance, LLC and Legal Recoveries, Inc. to release their judgment liens on real estate, although the Debtor owns no real property. The Motion provides no legal authority to support the request, although counsel for the Debtor raised 11 U.S.C. §§ 105 and 524 in support of Debtor's Motion at oral argument.[1] The Court may grant a request to avoid judgment liens pursuant to authority in 11 U.S.C. §§ 506(a), 506(d), 524(a) and 524(b).

A Kentucky judgment lien attaches to real property, which creates an *in rem* claim; *i.e.*, a claim that attaches to the property itself. *See In re Federated Dept. Stores, Inc.*, 270 F.3d 994, 998 (6th Cir. 2001); *Javens v. City of Hazel Park (In re Javens)*, 107 F.3d 359 (6th Cir. 1997) (*in rem* actions deal with acts to create, perfect, or enforce liens against property of the estate); *Harker v. Wells Fargo Bank, N.A. (In re Krause)*, 414 B.R. 243, 256 (Bankr. S.D. Ohio 2009) (citations omitted) (same); *In re Jones*, 152 B.R. 155 (Bankr. E.D. Mich. 1993) (a lien is an *in rem* right). Therefore, a judgment lien is an *in rem* claim against any real property owned by the judgment debtor at the petition date.

---

[1] The typical lien avoidance action is through 11 U.S.C. § 522(f)(1)(A). This option is not available because the Debtor owns no real estate, so no exemption is impaired by the judgment lien. *See In re Dwight and Lynnette Donaldson*, Bankr. E.D. Ky. Case No. 12-52531 [Doc. 15], citing *In re Norvell*, 198 B.R. 697 (Bankr. W.D. Ky. 1996).

Unlike the decisions that deny requests to release judgment liens in chapter 7 cases, *see Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) (denying strip down of *in rem* claim in chapter 7) and *In re Talbert*, 344 F.3d 555, 561-62 (6th Cir. 2003) (extending the *Dewsnup* analysis to strip off of *in rem* claim), the Debtor here owns no real property to which the Creditors' judgment liens could have attached. *See* 11 U.S.C. § 362(a)(5) (the judgment lien cannot attach postpetition). Therefore, the Creditors' claims are *in personam* pursuant to the judgment and there is no separate *in rem* claim for the Creditors to pursue post-discharge. *See, e.g., Johnson v. Home State Bank,* 501 U.S. 78, 78-99, 111 S.Ct , 2150, 2151, 115 L.Ed.2d 66 (1991) (the creditor retains a right to payment in the form of an *in rem* claim even though the *in personam* claim is discharged); *In re Jerew*, 415 B.R. 303, 308 (Bankr. N.D. Ohio 2009) (the *in rem* claim that has attached to property is not discharged); *Victor v. Internal Revenue Service (In re Victor)*, Bankr. No. 90-32697-B, Adv. No. 91-0021, 1991 WL 268038, *3 (Bankr. W.D. Tenn. Dec. 9, 1991) (the IRS could not collect discharged taxes, but retained the *in rem* claim).

Although the relief is allowed, the timing of this request is an issue because the discharge is not yet granted. Further, in any request to compel action by another party, the movant should attempt to resolve the issue before resort to the courts. At oral argument, counsel for the Debtor relayed difficulties with attempts to seek a voluntary release of judgment liens in similar situations after discharge. Counsel indicated that creditors routinely refuse such requests because they allegedly lack proof of the absence of real property.

Although after discharge a creditor should voluntarily release a judgment lien that had not attached to real property at the petition date, there is no guarantee the creditor will engage in this review. Some creditors will not take the time to address such requests and others may not understand their obligations.

Counsel's arguments also highlight a significant problem with the existence of an unattached judgment lien post-petition: it interferes with a debtor's fresh start. A judgment lien is a cloud on title, which is enough for many or most financial institutions to refuse to make a loan. Judgment liens under Kentucky law are enforceable for fifteen years, a potentially lengthy time period for the cloud of an unenforceable lien to hang over a debtor. K.R.S. § 413.090. Debtors that cannot obtain loans post-confirmation do not receive the full benefit of a fresh start. *See, e.g., In re Demeter*, 478 B.R. 281, 291 (Bankr. E.D. Mich. 2012) (omitting citations) (an overarching goal of bankruptcy is a fresh start).

Furthermore, waiting until after discharge causes administrative difficulties for the Court and parties because chapter 7 cases are closed promptly upon entry of the discharge order. Debtors' options are to: (1) move to stay closing the case; (2) strategically time filing of the avoidance motion so it is heard promptly after discharge; or (3) move to reopen the case when a problem develops at the debtor's cost. This problem is addressed for judgment lien releases involving real property under 11 U.S.C. § 522(f)(1) by local rule. *See* KYEB LBR 4003-2. Thus, conditioning the relief requested should resolve the issue and make the release effective only after entry of the discharge order.

Therefore, it is hereby ORDERED that the Debtor's Motion to Compel Creditors Asset Acceptance, LLC and Legal Recoveries, Inc. to release their judgment liens on real estate is SUSTAINED upon entry of the discharge order. This Order shall act as a release of the subject judgment liens that may be recorded in the County Clerk's Office upon entry of the discharge order and attachment of the discharge order to this Order.

Copies to:

James D. Lyon, Esq., Ch. 7 Trustee

J. D. Kermode, Esq.

Asset Acceptance
c/o Greene & Cooper, LLP
Lisa A. Riley, Esq.
P.O. Box 20067
Louisville, KY 40250-0067

Asset Acceptance
c/o Lloyd & McDaniel, PLC
Carole C.. Schneider, Esq.
P.O. Box 232300
Louisville, KY 40223-0200

Legal Recoveries
c/o Mapother & Mapother
Charlie W. Gordon, Esq.
801 West Jefferson Street
Louisville, Ky  40202

CT Corporation System
Registered Agent for Asset Acceptance, LLC
306 W. Main Street, Ste. 512
Frankfort, KY 40601

C.F. Haunz
Registered Agent for Legal Recoveries
8512 Brookside East
Pewee Valley, Ky  40056

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Wednesday, March 27, 2013**
**(grs)**